LARY ALAN RAPPAPORT (State Bar No. 087614)
lrappaport@proskauer.com
COURTNEY M. BOWMAN (State Bar No. 92642)
cbowman@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:   310.557.2900
Facsimile:    310.557.2193

Attorneys for Defendant
PVH RETAIL STORES LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL OLMEDO, and SIOBHAN MORROW on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PVH RETAIL STORES LLC, a Delaware Limited Liability Company, and DOES 1-20,<br><br>Defendants. | Case No. 3:18-cv-01373-BEN-JLB<br><br>**DEFENDANT PVH RETAIL STORES LLC'S NOTICE OF REMOVAL OF ACTION (28 U.S.C. §§ 1332 (d), 1441, 1446 AND 1453(b)); DEMAND FOR JURY TRIAL**<br><br>(Removed from San Diego Superior Court  Case No. 37-2018-00019565-CU-MC-CTL) |

TO PLAINTIFFS MIGUEL OLMEDO, SIOBHAN MORROW AND THEIR ATTORNEYS OF RECORD, AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant PVH Retail Stores LLC ("PVH Retail"), the defendant in this action which was originally commenced in the Superior Court of the State of California in and for the County of San Diego (San Diego Superior Court as Case No. 37-2018-00019565-CU-MC-CTL, hereby invokes the removal jurisdiction of the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, asserting original federal jurisdiction under 28 U.S.C. § 1332(d)(2) and 1453(b).  This Court has

NOTICE OF REMOVAL OF ACTION

original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following reasons:

## STATEMENT OF THE CASE

1. This action is related to a prior lawsuit filed on February 10, 2016 by one of the plaintiffs in this action, Plaintiff Siobhan Morrow ("Morrow"), entitled *Morrow v. PVH Corp., PVH Retail Stores LLC, Calvin Klein, Inc., and Tommy Hilfiger Wholesale, Inc.*, United States District Court for the Southern District of California Case No. 3:16-cv-00348-L-RBB (the "Prior Related Action). The Prior Related Action was assigned to The Hon. M. James Lorenz, United States District Judge.

2. The complaint in the Prior Related Action alleged, *inter alia*, that: (i) on November 13, 2015, Morrow purchased a black tee shirt and a black polo shirt from a Tommy Hilfiger factory outlet store located in San Ysidro, California; (ii) the items were advertised as having originally been priced at, respectively, $33.99 and $59.40; (iii) PVH Retail's advertising represented that these purported original prices were being discounted by approximately "50% off"; (iv) Morrow purchased the items in reliance on the representations by PVH Retail; and (v) the representations were false and deceptive as the items had never actually been offered for sale at the $33.99 and $59.40 advertised "original" prices. Based upon these allegations, Morrow, individually and on behalf of a class of similarly situated customers who made purchases at Tommy Hilfiger factory outlet stores in California, sued PVH Retail for alleged violation of California's False Advertising Law (the "FAL"), Unfair Competition Law (the "UCL") and Consumer Legal Remedies Act (the "CLRA"). Morrow's complaint in the Prior Related Action also made similar allegations against Calvin Klein, Inc, in connection with one item Morrow alleged she had purchased at a Calvin Klein factory outlet store in San Ysidro, California on the same day.

3. In paragraph 7 of the complaint in the Prior Related Action, Morrow alleged that:

    7.    This Court has original jurisdiction of this Action pursuant to the Class Action Fairness Act, 28 U.S.C §1332 (d) (2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Class have a different citizenship from Defendants.

    4.    In paragraph 30 of the complaint in the Prior Related Action, Morrow alleged that:

> 30.    *Numerosity:* The class members are so numerous that joinder of all members is impractical. Plaintiff is informed and believes that the proposed Class contains hundreds of thousands of individuals who have been damaged by Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

    5.    Morrow stipulated to file an amended complaint in the Prior Related Action, but failed to do so. The Prior Related Action was dormant until June 28, 2017, when the District Court issued an Order to Show Cause regarding dismissal for lack of prosecution, and set a hearing date for July 31, 2017. On July 28, 2017, Morrow voluntary dismissed the Prior Related Action without prejudice.

    6.    On April 18, 2018, Morrow and Plaintiff Miguel Olmedo ("Olmedo") (collectively "Plaintiffs") filed their initial class action Complaint in this action. With four exceptions, Morrow's charging allegations in the Complaint in this action were essentially similar to her allegations in her complaint in the Prior Related Action.

    7.    As in the Prior Related Action, the initial Complaint in this action alleged that, on November 13, 2015, Morrow purchased a black tee shirt and a black polo shirt from a Tommy Hilfiger factory outlet store located in San Ysidro, California. Morrow alleged again that the items she purchased had not been sold at the ticketed "reference" prices within the immediately preceding 90 days in violation of the FAL, the UCL and the CLRA. However, unlike the complaint in the Prior Related Action, the Complaint in this action: (i) named Tommy Hilfiger Wholesale, Inc., rather than

PVH Retail, as the defendant; (ii) alleged that the two shirts Morrow purchased were advertised as having originally been priced at "approximately $27.00 to $29.00" and "approximately $49.50" rather than $33.99 and $59.40; (iii) alleged that the discounted price paid by Morrow was a 40% discount off the reference price, rather than a 50% discount; and (iv) because the Complaint was filed in Superior Court, rather than in United States District Court, omitted the jurisdictional allegations in the Prior Related Action that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and there are "hundreds of thousands" of unnamed class members. Complaint at ¶¶ 12, 13.

8. The initial Complaint in this action also joined a second named plaintiff, Olmedo, who made similar allegations and claims with respect to a polo shirt he purportedly purchased on an unspecified date at a Tommy Hilfiger factory outlet store in Commerce, California. Complaint at ¶ 14.

9. The initial Complaint in this Action was not removable inasmuch as it alleged that Plaintiffs and the defendant named in that pleading, Tommy Hilfiger Wholesale, Inc., were all California residents. Complaint at ¶¶ 12, 14, 15.

10. Plaintiffs' counsel agreed to voluntarily dismiss Tommy Hilfiger Wholesale, Inc.

11. On May 21, 2018, Plaintiffs filed a First Amended Class Action Complaint (the "FAC") naming PVH Retail as defendant in place and instead of Tommy Hilfiger Wholesale, Inc. The FAC alleges that Plaintiffs are California resident, and PVH Retail is "a Delaware limited liability company with its principal place of business in New York, New York." FAC at ¶¶ 12, 14, 15. Accordingly, based on the face of the FAC, there is complete diversity between Plaintiffs and PVH Retail. Apart from naming PVH Retail as defendant, the balance of the FAC's allegations are essentially similar to the allegations in the Complaint.

12. Plaintiffs seek to certify a class of "[a]ll California residents who, within the applicable statute of limitations and going forward from the date of filing this

complaint ("Class Period"), purchased any product bearing a false Reference Price at one of Tommy Hilfiger's outlet or factory stores located in the State of California." FAC at ¶ 31.

13. Plaintiffs, on behalf of themselves and the alleged class, seek "restitution and disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiffs and the Class members as a result of its unlawful, unfair and fraudulent business practices[,]" declaratory relief, injunctive relief (including a "corrective advertising campaign"), and statutory attorneys' fees and costs. FAC ¶¶ 8, 58 & Prayer for Relief. The complaint also alleges that Plaintiffs may seek actual, punitive and statutory damages. FAC ¶¶ 8, 69.

14. On or about May 24, 2018, the designated agent for service of process for PVH Retail received by certified mail a 30-day CLRA notice and demand letter dated May 21, 2018 from counsel for Plaintiffs accompanied by a copy of the FAC.

15. On or about June 6, 2018, Plaintiffs served a copy of the Summons and FAC on PVH Retail.

**THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED**

16. CAFA was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 537, 554 (2014). As the Supreme Court recently has held, there is no presumption against removal and the statute's provisions "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (internal quotation and citation omitted).

17. With respect to a defendant's burden in seeking to remove a case to federal court, defendant's notice of removal need only include "a short and plain statement of the grounds for removal." *Dart,* 135 S. Ct. at 553. "Congress . . . intended to simplify the pleading' requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Id.* (internal quotation omitted). In determining whether the

requirements of removal have been satisfied, this Court may also rely upon the allegations of Plaintiff's complaint, taken as true for purposes of removal. *See, e.g., Muniz v. Pilot Travel Ctrs. LLC,* No. Civ. S-07-0325, 2007 WL 1302504, at *10 (E.D. Cal. Apr. 30, 2007) (court must accept as true plaintiff's allegations as pled in complaint and assume plaintiff will prove liability and recover damages alleged); *Levine v. BIC USA, Inc.*, No. 07cv1096, 2007 WL 2406897 at *16-17 (E.D. Cal. Aug. 20, 2007)(applying allegation in complaint that amount in controversy does not exceed $74,999.99 as to each putative class member in determining that $5 million jurisdictional threshold under CAFA was satisfied); *Korn v. Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1203 (E.D. Cal. 2008)(plaintiff is bound by allegation in complaint concerning defendant's citizenship for diversity purposes); *see also Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 399 ("In determining the amount [in controversy], we first look to the complaint.").[1]

### A. **Timeliness**

18. The FAC was filed on May 21, 2018 and served on PVH Retail on June 6, 2018. However, prior to service, a copy of the FAC was received by PVH Retail's agent for service of process on May 24, 2018 as an enclosure to a May 21, 2018 letter from Plaintiffs' counsel. PVH Retail is filing this Notice of Removal within thirty days of the May 24, 2018 receipt of a copy of the FAC, and this Notice of Removal therefore is being filed timely pursuant to 28 U.S.C. § 1446(b).

### B. **Venue**

19. This action was originally brought in the Superior Court of California for the County of San Diego, a place which is "embraced by" the United States District Court for the Southern District of California. 28 U.S.C. § 84(d). Accordingly, federal

---

[1] The courts in these cases, in determining whether CAFA's requirements for removal were satisfied, also relied upon affidavits or declarations submitted by defendants in support of their notice of removal. Subsequent to these decisions, however, the Supreme Court made clear that a defendant need *not* submit evidentiary support for removal with its notice. *Dart Cherokee,* 135 S. Ct. at 554.

statute requires that this action be removed to this district for venue purposes. 28 U.S.C. §§ 1441, 1446(a).

### C. Putative Class Action

20. The term "class action" is defined under the statute as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs style their FAC as a class action. They purport to bring it "on behalf of themselves and all others similarly situated," alleging a statewide class, and they seek an order certifying the purported class. FAC, Prayer for Relief. Although PVH Retail disputes that Plaintiffs can meet the requirements under Federal Rule of Civil Procedure 23 for certifying the alleged class of unnamed plaintiffs, and disputes any amount owing to Plaintiffs or the alleged class, this lawsuit qualifies as a "class action" under CAFA.

### D. Minimal Diversity Exists

21. Removal is proper where at least one class member is diverse from at least one defendant. 28 U.S.C. § 1332(d). As alleged in the FAC, Plaintiffs are citizens of the State of California. FAC at ¶¶ 12, 14.

22. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The FAC alleges that PVH Retail is "a Delaware limited liability company with its principal place of business in New York, New York." FAC at ¶ 15.

23. Although Plaintiffs purport to assert their claims against numerous "Doe" defendants, the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join removal petition). Thus, the existence of Doe defendants one

1  through 20, inclusive, named in Plaintiffs' amended complaint does not deprive this
2  Court of jurisdiction.

      E.      **Amount in Controversy**

24. The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). The Supreme Court recently held that where, as here, a plaintiffs' complaint does not explicitly specify the amount in controversy, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold under CAFA. *Dart Cherokee*, 135 S. Ct. at 554. Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14, at 49 (2005). The amount-in-controversy allegation in a defendant's notice of removal should be accepted as true when not contested by a plaintiff or questioned by the court. *Dart Cherokee*, 135 S. Ct. at 553. If a court is uncertain about whether all matters in controversy meet the $5 million jurisdictional threshold under CAFA, "the court should err in favor of exercising jurisdiction over the case." *Kearns v. Ford Motor Co.*, No. CV 05-5644, 2005 WL 3967998, at *6 (C.D. Cal. Nov. 21, 2005) (citing S. REP. 109-14, at 49).

25. As discussed above in paragraph 3, in paragraph 7 of her complaint in the Prior Related Action based on essentially similar claims and factual assertions, Morrow alleged that "This Court has original jurisdiction of this Action pursuant to the Class Action Fairness Act, 28 U.S.C §1332 (d) (2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Class have a different citizenship from Defendants." Although PVH Retail denies any liability to Plaintiffs and the FAC's claims and allegations, including the allegation that Plaintiffs are entitled to recover any damages

1  at all, and disputes Plaintiffs' apparent method for calculating purported damages, Morrow's allegations in the complaint in the Prior Related Action and Plaintiffs' allegations in the FAC place at issue in this action an amount that meets CAFA's $5,000,000 jurisdictional threshold.

26. Moreover, Plaintiffs seek attorneys' fees which must be taken into account in ascertaining the amount in controversy, though PVH Retail denies that Plaintiffs are entitled to such fees or costs. *Galt G/S v. JSs Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy regardless of whether award is discretionary or mandatory). Plaintiffs also seek injunctive relief, including a "corrective advertising campaign," which may involve significant costs of compliance. *See BEM.I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002) (cost to defendant of complying with injunctive relief may be considered in determining amount-in-controversy). Finally, although PVH Retail denies that it owes Plaintiffs, or any member of the alleged class, any relief, let alone punitive damages, in determining the amount in controversy, the Court must assume that the allegations of the FAC are true and that Plaintiffs will ultimately prevail on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002); *see also Scherer v. Equitable Life Assurance Society of the United States,* 347 F.3d 394, 399 (2d Cir. 2003) (when determining the amount in controversy, it is the amount put in controversy by the plaintiff's complaint, not what ultimately may be provable). Accordingly, while overbroad, and unwarranted, the FAC's claims for monetary, injunctive, and exemplary relief unquestionably place more than $5,000,000 at issue in this action.

/ / /
/ / /
/ / /
/ / /

### F. Number of Members of Putative Class & Subclass

27. As discussed above in paragraph 4, Morrow alleged in paragraph 30 of her complaint in the Prior Related Action that "The class members are so numerous that joinder of all members is impractical" and she "is informed and believes that the proposed Class contains hundreds of thousands of individuals who have been damaged by Defendants' conduct." Although PVH Retail contends that Plaintiffs' class allegations lack merit, the class pled by Plaintiffs exceeds 100 members. The FAC alleges that the members of the class "are so numerous that joinder of all members is impracticable." FAC at ¶ 33. Further, Plaintiff seeks to represent a class of persons in California who, over the statute of limitations period, purchased any product bearing an allegedly false reference price at one of Defendant's outlet or factory stores in the state of California. FAC at ¶ 30. The number of persons in California who made a purchase in a Tommy Hilfiger factory outlet store over the statute of limitations period far exceeds 100. Accordingly, CAFA's requirement under 28 U.S.C. § 1332(d)(5)(B) that the proposed class include at least 100 persons is satisfied in this action.

### G. Notice to the Clerk of the State Court and to Adverse Parties, Submission of Process, Pleadings and Orders on File in State Court

28. Copies of this Notice of Removal promptly will be served on counsel of record for Plaintiffs and filed in the Clerk of the Superior Court of the State of California in and for the County of San Diego as required under 28 U.S.C. § 1446(d). In compliance with 28 U.S.C. § 1446(a), true and correct copies of pleadings, process, and orders served or filed in this action are attached as Exhibit 1.

/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, without waiving any objections to improper service, jurisdiction, or venue, or any defenses or objections to this action, PVH Retail requests that the above action pending before the Superior Court of the State of California for the County of San Diego be removed to the United States District Court for the Southern District of California.

Dated:  June 21, 2018

LARY ALAN RAPPAPORT
COURTNEY M. BOWMAN
PROSKAUER ROSE LLP

By: ___/s/ Lary Alan Rappaport___
Lary Alan Rappaport

Attorneys for Defendant PVH RETAIL STORES LLC

## DEMAND FOR JURY TRIAL

Defendant PVH Retail Stores LLC hereby demands a trial by jury on all issues so triable.

Dated:  June 21, 2018

LARY ALAN RAPPAPORT
COURTNEY M. BOWMAN
PROSKAUER ROSE LLP

By: ___/s/ Lary Alan Rappaport___
Lary Alan Rappaport

Attorneys for Defendant PVH RETAIL STORES LLC